(March 9, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICARDO DE LEON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED CAIN, Appellant.— Judgment, Supreme Court, New York County, rendered on October 22, 1970, affirmed. Judgment, Supreme Court, New York County, rendered on November 24, 1970, affirmed. Concur — Stevens, P. J., McGivern and Capozzoli, JJ.; Murphy, J., dissents in a memorandum and Macken, J., dissents in part in a memorandum, as follows: Murphy, J. (dissenting). The factual allegations of the People were succinctly set forth in the following portions of the charge: "The contention of the People essentially is that during the months of July and August of 1969, the named defendants, Alfred Cain, Ricardo De Leon and Jerome West agreed among themselves and with Wilbert Thomas to commit a robbery on August 16th. This is the claim. The claim is that the robbery was to be achieved by the use and display of weapons and of an incapacitating spray. The claim of the People is that they disclosed this agreement to rob to Wilbert Thomas, not knowing that Thomas was a secret operative of the New York City Police Department, and they invited him to be a participant in the plan. That in furtherance of this agreement, the defendants committed certain overt acts, among which were a visit to Hensley Johnson to buy guns; a visit on August 14th by the defendant DeLeon to an apartment hotel on 131st Street in the company of Wilbert Thomas; the examination of a sawed-off shotgun by the defendants on August 15th; the issuance of rubber gloves by the defendant DeLeon on August 15th; and the obtaining of knives and a carbine by the defendants on August 15th; and an auto ride over the Manhattan Bridge and up the West Side Highway to 125th Street on August 16th. The People further contend that on August 16th, when the defendants were apprehended in an automobile on the way to commit the robbery, that the defendant Cain had in his possession a sawed-off shotgun, and that the defendant West had a carbine; that the defendant De Leon had a knife, and also an incapacitating spray; and that these weapons and other items were to be used in carrying out the criminal intent of the parties, that is, the intent to commit the crime of robbery. The People also contend that the sawed-off shotgun, was [sic] in the car, was defaced, that its manufacturer's identification had been removed. The further contention of the People is that under the law, each defendant is responsible for the acts of the others in possessing such weapons and spray. The People further claim that not only did the defendants engage in an unlawful conspiracy, but that

the possession of the weapons by any one of the defendants in conformity with and in furtherance of the conspiracy, under the law is possession by the others who became parties to the conspiracy, and thus each defendant not only is guilty under the count being submitted to you charging conspiracy, but the other counts charging possession of the weapons as well." In a 14-count indictment defendants Cain, De Leon and West were charged with conspiracy to commit robbery and murder, attempted robbery in the first degree, possession of weapons, and possession of a deleterious gas in violation of the New York City Administrative Code. At the end of trial, the jury found all the defendants guilty only of possession of the sawed-off shotgun and, in addition, found Cain guilty of defacement of the sawed-off shotgun, and Cain and De Leon guilty of possession of a canister of deleterious gas. Cain was sentenced to five years' probation, De Leon was sentenced to a term of imprisonment not to exceed seven years and West was sentenced to a term of imprisonment not to exceed three years. This appeal is by De Leon and Cain only. The defendant De Leon was improperly convicted of possession of the shotgun. Relating to the shotgun count, the court in its charge said: "The People have contended that the sawed-off shotgun was in the physical possession of the defendant Cain at the time of the arrest" and further: "When any number of persons are found in a private car, and a sawed-off shotgun is found there also, the law, insofar as the pertinent statute is here applicable, presumes that all the occupants of the vehicle are in possession of that shotgun illegally, *unless that shotgun is found upon the person of one of the occupants,* or one of the occupants has a permit for said shotgun." (Italics supplied.) Then, after reading a portion of subdivision 3 of section 265.15 of the Penal Law, the court emphasized that "an exception to this presumption is the actual possession by one of the occupants of the automobile"; and, at page 2400 of the record, "whether it was recovered from the floor of the car or from the physical possession of the defendant Cain are also questions of fact for you to determine." "As I have said, the presumption is nothing more or less than an inference based on other facts which may be drawn by you as a jury. Such inference need not be drawn by you. The law says that when a sawed-off shotgun is found in an automobile, the jury has the right to infer that all the occupants of the automobile are in possession of that firearm. It does not mean that the defense doesn't have a right to explain. It does not, because the presumption may be rebutted; that is, the defense has the right to come in and explain how the sawed-off shotgun happened to be in the car. * * * Now, if under the credible evidence you are to find beyond a reasonable doubt that the shotgun was not on the floor of the car, but was in the physical possession of the defendants or upon the person of the defendant Cain, he may be found guilty of possession under this count." Implicit in the verdict against Cain on the defacement count is the finding that he was also physically possessed of the sawed-off shotgun; thereby rebutting the statutory presumption. However, the trial court then went on to state: "Nevertheless, under these circumstances the other defendants may still be liable if you find that the possession of the sawed-off shotgun by the defendant Cain was in conformity with and in furtherance of the plan of conspiracy. The possession of such firearm by one then may be the possession of all. If you find that one of the defendants possessed a firearm, that is, the sawed-off shotgun, and that this possession was in conformity with and in furtherance of a criminal conspiracy, you may find the possession of the firearm by one was the possession by all the members of the conspiracy. Further, the possession of the firearm by one defendant may be the possession of all the defendants, pointing out

to you the Penal Law states in Section 20: 'When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when acting with a mental culpability required for the commission thereof, he intentionally aids another person to engage in such conduct.' There is no requirement, you see, that each defendant should physically possess the firearm. If upon all the credible evidence in this case, you are satisfied beyond a reasonable doubt that the elements of possessing a weapon, dangerous instrument and appliance as a felony, in violation of Subdivision 2 of Section 265.20 [sic] have been established, then you may convict the defendant, or any of them, under this count." Since the People now concede that the jury did not rely on the statutory presumption of possession (Penal Law, § 265.15, subd. [3]), they contend that De Leon was properly convicted on either of the two other legal theories propounded — conspiracy or accessorial conduct. There is no justification for such a shotgun approach. Since the jury acquitted all of the defendants on the conspiracy count and, as aforesaid, implicitly found the unlawful weapon to have been upon Cain's person, his possession could not have been in conformity with and in furtherance of any criminal conspiracy. The only other basis, therefore, on which to sustain De Leon's conviction on the weapon charge is as an accessory. (Penal Law, § 20.00.) Aside from the fact that we have found no definitive authority for such a holding, to permit it would clearly violate the plain intent of subdivision 3 of section 265.15 of the Penal Law. The trial court's accessory charge was obviously related to the conspiracy count, not to the possession count, since the exception contained in section 265.15 of the Penal Law was specifically called to their attention. Any doubt as to this is dispelled by the charge on the rifle and knife counts, wherein the court stated as to these counts only that the crime of possession must fall if the conspiracy count fell because there was then no culpability. In short, no conspiracy — no possession. The accessory statute was not another alternative for a finding of guilt, but was only charged to permit a finding of guilt of possession against all defendants if possession by any one of them was in conformity with and in furtherance of a criminal conspiracy. Possessory crimes are intended to be just that, crimes for possession of that which is illegal per se. The accessory-to-possession crime does not exist. The actual possessor and the accessory cannot both be convicted of the same crime at the same time. Under the charge here and the facts as proved the defendant De Leon is not guilty of possession of the shotgun and should have been acquitted on that count. It should be emphasized that on *the record in this case,* De Leon could not be found guilty of possession of the shotgun, even if all the defendants had been found to be accessories and conspirators to all the crimes alleged. He could be guilty of this possessory crime without having physical possession of the shotgun only by application of the *statutory presumption* as charged, which was rejected by the jury since they found the *exception* applied. The difficulty the jury had with the counts regarding possession is evidenced by the verdict and the request during deliberations for "the law regarding possession of firearms". Yet, at no time was the essence of this crime charged, i.e., the definition of the word "possess". Section 10.00 of the Penal Law states: "'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property." The failure to so advise the jury of this section was error, for they were otherwise unable to properly apply the law. If the jury found that there was no conspiracy to rob and if the knife and carbine were not possessed "with intent to use * * * unlawfully against another", how then could De Leon be an accessory *to possession of a weapon* that was in the

actual possession of Cain (assuming such crime could exist)? Accordingly, it was error for the court to deny the request to charge that if the jury found actual possession of the shotgun by Cain, they must acquit De Leon of the shotgun charge. Further, to say that De Leon's act of supplying Cain with the weapon (a questionable fact) demonstrates that he knowingly assisted Cain in its possession and therefore meets the accomplice test is, under the law of this case, a legally impossible conclusion. De Leon is alleged to have had presumptive possession of the shotgun in the car. The jury found only Cain had possession. Accordingly, it could not find possession in any other defendant under the statute. The validity of the presumption to be applied where a weapon is found in a car need not be considered here since it obviously was not applied by the jury. However, the presumption as charged was prejudicial to these defendants because the jury was told that "the defense has the right to come in and explain how the sawed-off shotgun happened to be in the car." And that "they have a right to explain their ignorance of the existence of the sawed-off shotgun in the car" and further "its then a question of fact for you as a jury to determine whether the jury will believe and accept the explanation". This was error. The defendant does not have to come forward. The burden of proof is always on the People. This alone requires a new trial since the instructions were specific as to the "shotgun" and it was only on the shotgun that they were convicted of a felony. As to the count of possession of a deleterious gas, here again the question of possession was to be considered as of the time of arrest. The section 436-5.0 of the Administrative Code of City of New York states, in effect, that no person shall possess or use the proscribed substances without a permit. The court charged that if there was no conspiracy (count 1) then West must be acquitted, but that "there was something to the effect that West had seen it on Cain's person, and there was testimony that it was found on DeLeon's person". The Trial Judge then went on to say that possession by one conspirator may be possession by all; and the jury should consider section 20.00 and that if De Leon or Cain possessed it in conformity to a conspiracy, the possession of such substance was the possession of all the members of the conspiracy. A conviction on this count, finding possession in Cain is similarly contrary to the facts and the law. The charge is inconsistent and in any event was improperly applied by the jury as it was given. De Leon had the spray and only he could be convicted of possessing it. Finally, the issue of permitting the People to exercise a peremptory challenge after a juror was sworn and the trial court found that no "good cause" existed to dismiss the juror, has already been passed upon by this court in *People* v. *West*, (38 A D 2d 548). The conviction of West was affirmed with two Justices dissenting. The only question raised on West's appeal was the juror issue. On constraint, that issue has already been resolved. For the foregoing reasons, the charge of possession of a shotgun (Count 10) should be dismissed as to the defendant De Leon and the charge of possession of a deleterious gas (Count 14) should be dismissed as to defendant Cain as a matter of law. The remaining counts, namely, possession of a shotgun (Count 10) and "defacing" (Count 11) against defendant Cain and possession of a deleterious gas (Administrative Code, § 436-5.0) against defendant De Leon should be remanded for a new trial in view of the prejudicial errors in the court's charge which deprived the defendants of a fair trial. Macken, J. (dissenting in part). I would modify the judgment by dismissing the charge of possession of a shotgun by De Leon and of a deleterious gas by Cain for the reasons stated by Justice Murphy, but would otherwise affirm.